■ BERNARD GERSHUNY, Respondent, v MEGA GROUP, INC., Appellant. [625 NYS2d 173] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered August 4, 1994, granting plaintiff's motion for renewal of a prior motion leading to the February 3, 1994 order of the same court and Justice, which granted defendant's motion for summary judgment dismissing the complaint and which, upon renewal, denied defendant's motion, unanimously reversed, on the law, without costs and disbursements, and the motion for renewal denied.

Summary judgment dismissing the complaint was properly granted in the first instance since defendant was relieved of the obligation to pay a $300,000 break-up fee in the event the merger was terminated by North East Insurance Company because of its unwillingness to extend the scheduled expiration date of the agreement and plan of merger. As the IAS Court found and both sides agree, the merger was so terminated. In a March 11, 1994 decision denying reargument, the court properly pointed out that plaintiff never argued on the original motion that the agreement on which it based its original determination was not authentic. The court invited renewal "by way of an affidavit casting into doubt the authenticity of the agreement." Plaintiff has failed to make such a showing.

The issue turns on whether a parenthesis placed around certain words and a deletion of the word "or", neither of which was initialled, were present at the time of execution. It is conceded that this emendation changes the meaning of the clause and is essential to the grant of summary judgment. Plaintiff's only response on renewal is contained in an affidavit of his attorney arguing that no evidence was offered as to how or when these changes were made. As noted, this claim was never made on the original motion. Nor is it supported by an affidavit of plaintiff, who surely is in the best position to put the issue to rest. Nor does he annex a copy of the executed agreement to show a different version or explain his failure to do so. Based on plaintiff's failure to make the requisite showing, his motion for renewal should have been

denied. Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.